THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL GALLELLA, Appellant.

First Department, June 8, 1965.

*Isidor Blum* of counsel (*Jacob H. Weinstock,* attorney), for appellant.

*Joseph A. Phillips* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Motion by defendant for a reversal of the conviction and a dismissal of the information is denied. Defendant is appealing from a conviction for a violation of section 1141 of the Penal Law on April 19, 1960 in the Court of Special Sessions at which time he was sentenced to pay a fine of $500 and to serve a term of 60 days in the Workhouse. By order of the Supreme Court, defendant was released on bail in the sum of $1,000 under a certificate of reasonable doubt.

This court dismissed the appeal on June 29, 1961 for failure to prosecute. However, on November 21, 1961, the appeal was

reinstated upon representations that the delay in prosecution of the appeal had been due to confusion and misunderstanding as to who, of two attorneys, was perfecting the appeal for defendant. The reinstatement was conditioned upon the filing of the record and appellant's brief on or before December 8, 1961. However, appellant did not meet that deadline. Accordingly, on January 23, 1962, the People once more moved to dismiss the appeal. This time, appellant offered as an excuse the retainer of a third attorney, who because of illness, could not perfect the appeal within the allotted time. A further extension of time was granted on condition that the record and appellant's points be filed on or before February 6, 1962. By permission of this court, appellant was permitted to file the record and his brief on February 19, 1962. (13 A D 2d 957, 14 A D 2d 859, 15 A D 2d 737.)

The record, so filed, contains a stipulation that the printing of the exhibits (consisting of 17 booklets and one collective exhibit of 58 pictures) be dispensed with, and that the exhibits be filed on or before the Wednesday preceding the first day of the term for which the appeal is noticed for argument.

Argument of the appeal was successively adjourned from the April 1962 Term to the November 1962 Term of this court. (16 A D 2d 777.) On September 11, 1962, the People moved to dismiss the appeal, pointing out that the exhibits, which had been introduced into evidence at the trial, had been destroyed after the dismissal of the appeal on June 29, 1961 and before the reinstatement of the appeal by this court in November, 1961. The motion to dismiss was denied without prejudice on November 20, 1962. This court then said (17 A D 2d 931): "In the absence of the exhibits this court is not in a position to pass upon the appeal from the judgment of conviction. An application must be made to the trial court to settle an adequate record. In the event a satisfactory record cannot be settled either party may apply to this court for the relief required by that circumstance."

The District Attorney avers that because of death or retirement, it was impossible to reconvene the original trial court. However, the District Attorney claims to be in possession of 14 copies of the original 17 allegedly obscene books, and has offered to proceed on the appeal on the basis of those 14 copies. Defendant's counsel has refused to stipulate to the use of the proffered duplicates of the books.

The "troublesome" problem created by the loss of exhibits used upon a trial before a record on appeal is presented to the appellate court, was discussed in *People* v. *Strollo* (191 N. Y. 42;

65–68) per WERNER, J. In a case where there could be no other proof without the lost exhibits, the appellate courts have no recourse but to reverse and dismiss the prosecution. That was the situation in *People* v. *Bell* (21 A D 2d 660) and *People* v. *Genova* (15 A D 2d 44) both of which involved obscenity prosecutions. However, in *People* v. *Strollo* (*supra,* p. 66) the court said: " There may be other cases in which the loss of papers presents a perplexity more apparent than real, as where copies are in existence, and the correctness of the copies is unquestioned or unquestionable ".

The instant appeal presents such a situation. It is clear from the vicissitudes of the appeal in the course of the past four years that a good share of the blame for the predicament of the loss of the original exhibits can be laid at the door of the dilatory tactics of the constantly changing counsel for appellant. When dealing with exhibits such as books there can readily be means for authenticating accurate duplicates. Since the question of defendant's guilt or innocence depends in a large part upon the content of such books, the protection of defendant's rights and the cause of the proper administration of justice can be adequately served by allowing the substitution of copies of the books if the correctness of such copies can be deemed unquestionable.

The motion to reverse the judgment and to dismiss the information should therefore be denied, with leave to the District Attorney to file with this court, pursuant to the stipulation regarding exhibits in the record, the 14 copies of the original 17 books, together with an appropriate affidavit, by someone with knowledge thereof, authenticating the copies as correct duplicates of the originals. Notice of the filing of the said copies together with a copy of the supporting affidavit shall be served upon the attorney for appellant, who shall then have the opportunity, if so advised, to submit any affidavit questioning the correctness of the copies. The appeal should then be noticed for argument for the first available term of this court.

BOTEIN, P. J., VALENTE, McNALLY, EAGER and STALEY, JJ., concur.

Motion for an order reversing judgment of conviction and dismissing information denied, with leave to the District Attorney to file with this court, pursuant to the stipulation regarding exhibits in the record, the 14 copies of the original 17 books, together with an appropriate affidavit, by someone with knowledge thereof, authenticating the copies as correct duplicates of the originals. Notice of the filing of the said copies together

288

with a copy of the supporting affidavit shall be served upon the attorney for appellant, who shall then have the opportunity, if so advised, to submit any affidavit questioning the correctness of the copies. The appeal should then be noticed for argument for the first available term of this court.