THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFONZO BELL, Appellant.

Second Department, May 17, 1971.

*Milton Adler* (*Philip L. Weinstein* of counsel), for appellant.

*Eugene Gold, District Attorney* (*Roger Bennet Adler* of counsel), for respondent.

SAMUEL RABIN, P. J. The question raised by the instant appeal is whether summary reversal of a judgment of conviction, ren-

dered upon a plea of guilty, must be ordered where, after the defendant was resentenced *nunc pro tunc,* the minutes of the defendant's guilty plea hearing and sentencing hearing cannot be located.

In 1944 the defendant was indicted for the crimes of attempted robbery in the first degree, attempted grand larceny in the first degree and assault in the second degree. He chose not to stand trial but, instead, entered a plea of guilty to the crime of attempted robbery in the second degree in satisfaction of the indictment and was sentenced on March 29, 1944 to a term of imprisonment in the Elmira Reformatory.

On September 3, 1970, the defendant was granted a hearing pursuant to *People* v. *Montgomery* (24 N Y 2d 130) and *People* v. *Callaway* (24 N Y 2d 127) in order to determine whether he had been advised of his right to appeal at the time of his 1944 conviction. At the hearing the District Attorney consented to the relief sought by the defendant and, as a result, the court resentenced the defendant *nunc pro tunc,* as of March 29, 1944, so as to permit his time within which to file a notice of appeal to run anew.

In the course of preparing the appeal from the judgment of resentence, the defendant's counsel was advised by the Clerk of the Supreme Court, Kings County, that the defendant's 1944 guilty plea and sentence minutes could not be located and that the stenographer who had taken the minutes of the plea had retired and no other minutes were available. As a consequence of the failure to locate the 1944 plea and sentence minutes, the defendant made a motion before this court on January 15, 1971 for summary reversal of his 1944 judgment of conviction. The motion was denied with leave to argue the question on this appeal.

On the instant appeal, the defendant does not indicate any of the appealable issues he would have raised had the 1944 plea and sentence minutes been available. Instead, he seeks to collaterally attack his 1944 conviction by contending, *inter alia,* that by virtue of the resentencing under the *Montgomery* and *Callaway* cases (*supra*) he is in the same position as is any other appellant who is seeking a review of his judgment of conviction; that it is without any significance that his appeal is from a plea of guilty rather than from a verdict after trial; and that, as the record from the trial court constitutes '' the sole basis for appellate review '', its loss must be deemed the loss of the right to an adequate appellate review, thereby mandating reversal of his judgment of conviction.

In my opinion the loss of plea and sentence minutes does not, *by itself,* automatically entitle a defendant to summary reversal of his judgment of conviction. It is not enough to merely allege that such minutes have been lost. A defendant has a greater burden in that he must set forth appealable grounds, i.e., the nature of those issues which would have been raised on appeal had the plea and sentence minutes been available.

Appealable grounds must bè set forth for three reasons. The first is the presumption of regularity which attends all judgments of conviction (*People* v. *Richetti,* 302 N. Y. 290, 298). Unless appealable grounds are stated a defendant cannot be deemed to have met his burden of coming forward to rebut the presumption of regularity and remove the presumption from his case.

The second reason is that a plea of guilty creates another presumption, i.e., a presumption that by pleading guilty a '' defendant has neither reason nor desire to prosecute an appeal '' (*People* v. *Lynn,* 28 N Y 2d 196, 202). As with the operation of the presumption of regularity, unless the specific appealable issues which would have been raised are stated, the defendant is presumed to have '' tacitly indicate[d] that no further judicial inquiry is required '' (*People* v. *Lynn, supra,* p. 202; cf. *North Carolina* v. *Alford,* 400 U. S. 25).

The third and most important reason why a defendant must set forth his grounds for appeal is to enable a reviewing court to determine whether the appealable issues which would have been raised can, nevertheless, be properly evaluated, passed upon, and disposed of, without the need to refer to the missing minutes. A reviewing court should not be required to '' second guess counsel '' in view of the trial strategies which form an integral part of offering a guilty plea, but should, instead, be afforded an opportunity to assess appellate claims and thereby determine whether they can be decided on the merits, without the use of either the plea or sentence minutes (*People* v. *Lynn, supra*).

Accordingly, I reject the defendant's contention that he stands in the same position as one who has been convicted after trial. The realities which surround a plea of guilty, as well as the staleness of the defendant's claim herein, cannot be ignored (*People* v. *Nixon* [*Todzia*], 21 N Y 2d 338, 352).

The judgment of conviction should be affirmed.

HOPKINS, MUNDER, MARTUSCELLO and BRENNAN, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered September 3, 1970, affirmed.