THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LOPEZ, Appellant.

First Department, November 10, 1983

APPEARANCES OF COUNSEL

*Max Anders* for appellant.

*Anne Beane Rudman* of counsel (*Bruce Allen* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

OPINION OF THE COURT

Ross, J.

This court is presented with the issue of whether the unavailability of plea minutes, absent other meritorious grounds for appeal, deprives a defendant of a meaningful review of his conviction, and accordingly mandates either a summary reversal, or at the minimum, a remand for a reconstruction hearing.

At approximately 12:50 P.M. on October 8, 1979, New York City Police Officer Rocco Regina apprehended the defendant and an accomplice, while they were burglarizing an apartment located at 137 Avenue A, Manhattan. When arrested, the defendant was in possession of a bag containing various pieces of jewelry that were valued at more than $250. A search incident to the arrest revealed that the defendant and his accomplice were carrying burglar's tools, to wit: one pass key and two tension bars.[1]

---

1. The facts of the crime set forth in this paragraph have been summarized from the sworn felony complaint of Police Officer Rocco Regina, dated October 9, 1979.

Thereafter, defendant and his accomplice were indicted on October 12, 1979 (indictment No. 4255-79), by a New York County Grand Jury for the crimes of burglary in the third degree (Penal Law, § 140.20); grand larceny in the third degree (Penal Law, § 155.30); and criminal possession of stolen property in the second degree (Penal Law, § 165.45).

After indictment, defendant's counsel vigorously contested the sufficiency of the charges. Not being satisfied with the discovery material provided by the New York County District Attorney's office voluntary disclosure form, defendant's counsel served and filed an omnibus motion. In addition, that counsel made an unsuccessful motion to suppress physical evidence.[2]

The trial court's docket record reflects that on March 31, 1980, Justice MILTON L. WILLIAMS, in the presence of defendant's counsel, accepted defendant's plea of guilty to the crime of burglary in the third degree to cover the indictment.

Sentencing took place on May 2, 1980. Present with defendant was his counsel. At sentence, the People filed a statement of predicate felony conviction, which concerned the defendant's prior conviction on October 11, 1977, in New York County, of the felony of attempted criminal possession of a weapon in the third degree (Penal Law, §§ 110.00, 265.02). Defendant admitted that he committed this crime and declined the opportunity to challenge the constitutionality of that conviction. Before passing sentence, the defendant was advised of his right to address the court and the defendant responded that he had nothing he wished to say. Pursuant to the plea negotiation, the court imposed an indeterminate sentence of imprisonment with a maximum of four years and a minimum of two years, which was the minimum term permissible.

Defendant filed a timely notice of appeal. During the time that this appeal was awaiting perfection, in January, 1981, pursuant to CPL 440.10, defendant made an unsuccessful motion to vacate the judgment.[3]

---

**2.** Supreme Court Justice MILTON L. WILLIAMS denied the defendant's suppression motion in a decision/order, dated February 7, 1980.

**3.** File of the Criminal Term of the Supreme Court, New York County, number 4255-1979.

The only issue in the appeal is the effect of the absence of the plea minutes. Counsel for defendant contends that fact alone entitles defendant to a summary reversal of the judgment of conviction.

Concededly, the plea minutes are missing. In pertinent part, in her affidavit, the court reporter stated: "Court records indicate the * * * Plea * * * [was] taken by me in Part 70 on March 31, 1980. I have searched extensively and diligently for the notes of the proceedings and have been unable to locate them * * * As a result of the loss of the notes containing the required proceedings and their unavailability on microfilm, I am not able to transcribe the minutes".

Nowhere in defendant's counsel's memorandum does he urge any appealable issue, other than the fact of the missing plea minutes.

Our examination of the existing records, in this case, leads us to conclude that the absence of the plea minutes, without any appealable issue being raised, does not either mandate a reversal or a remand for a reconstruction hearing[4] because, based on the presumption of regularity, the defendant was not deprived of due process. "[I]n this imperfect world, the right of a defendant to a fair appeal * * * does not necessarily guarantee him * * * a perfect appeal" (*People v Rivera,* 39 NY2d 519, 523).

In New York Jurisprudence (21 NY Jur, Evidence, § 106), the presumption of regularity is defined in these words: "Upon the presumption of regularity rests much of the sanctity and effectiveness of our judicial system and it has been held to be of paramount importance in the administration of justice. It has been variously called an 'invincible presumption,' and an 'indisputable presumption' or 'a maximum of jurisprudence,' not with the idea of giving it conclusiveness against proof to the contrary, but of measuring the evidence required to overcome it. The presumption of regularity may be overcome only by affirmative proof sufficient to rebut its effectiveness; neither conjecture, inference, nor coincidence can be substituted for such affirmative proof or refute the force of the presumption."

---

**4.** Incidentally, the People at page 4 of their memorandum recommend that a reconstruction hearing be held as an alternative to a summary reversal.

Thus, we hold that "it is not enough to merely allege that such minutes have been lost. A defendant has a greater burden in that he must set forth appealable grounds, i.e., the nature of those issues which would have been raised on appeal had the plea * * * minutes been available" (*People v Bell,* 36 AD2d 406, 408, affd 29 NY2d 882).

The "presumption of regularity exists only until contrary substantial evidence appears" (*People v Richetti,* 302 NY 290, 298). In the instant case the defendant has failed to rebut this presumption with any nonfrivolous appealable issues. Therefore, it is our opinion that the unavailability of plea minutes, in and of itself, and absent any additional grounds for reversal, does not overcome the presumption of regularity, and this judgment should be affirmed.

Accordingly, the judgment, Supreme Court, New York County (MILTON L. WILLIAMS, J.), rendered May 2, 1980, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree, and sentencing him to an indeterminate term of imprisonment from two to four years, is affirmed.

MURPHY, P. J., CARRO, SILVERMAN and FEIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on May 2, 1980, unanimously affirmed.