■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENEDICTO ACEVEDO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered November 12, 1981, convicting him of two counts of burglary in the first degree, robbery in the first degree, two counts of robbery in the second degree, assault in the second degree and assault in the third degree, after a nonjury trial, and sentencing him as a second violent felony offender.

Judgment affirmed.

One of defendant's contentions requires comment. In his supplemental *pro se* brief, defendant contends that the unavailability of the transcript containing the direct examination of one of the People's witnesses and the failure to conduct a reconstruction hearing violated his constitutional right to an effective appeal. It is well established, however, that mere unavailability of a portion of the trial transcript does not require reversal and that defendant must set forth the nature of those issues that would have been raised on appeal had the minutes been available (see *People v Glass,* 43 NY2d 283; *People v Rivera,* 39 NY2d 519; *People v Bell,* 36 AD2d 406, affd 29 NY2d 882; *People v Garcia,* 63 AD2d 719). This, defendant has failed to do. Nor is there any need to remit for a reconstruction hearing. The testimony of the People's witness elicited on direct examination, although not contained in the record, is readily discernible from a reading of her testimony upon cross-examination, which is, indeed, included in the transcript of the trial. Furthermore, a sworn statement by that witness as to her direct trial testimony as well as the affirmation of the People's trial attorney as to his recollection of that witness' testimony have been submitted to this court. Although defendant objects to their use and to a stipulation entered into between appellate counsel to the effect that these statements are an accurate record of the witness' direct testimony and "shall be substituted for the stenographic minutes of her testimony", significantly he does not point out any error or inaccuracy in these statements. Under these circumstances, defendant has not been prejudiced in presenting his case and has not been deprived of an effective appeal (see *People v Glass, supra; People v Lopez,* 97 AD2d 5). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.