■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GONZALEZ, Appellant.

Defendant's sole argument is that the loss of the untranscribed stenographic notes of the proceeding in which he pleaded guilty mandates reversal of the judgment and dismissal of the indictment. Defendant fails to raise a single substantive issue other than to suggest that there might be a question as to the adequacy of trial counsel if his guilty plea had been interposed before a disposition of his motion for inspection of the Grand Jury minutes and dismissal of the indictment. There is nothing in the record to indicate a disposition of this motion. As to the unresolved motion, defendant's remedy lies not in an appeal from his conviction, but, rather, in a postconviction proceeding pursuant to CPL 440.10 in which, if warranted, the question of counsel's ineffectiveness may be explored at an evidentiary hearing. (*See, People v Brown,* 45 NY2d 852, 854.)

While the result may be different where a defendant has been convicted after trial (*see, People v Rivera,* 39 NY2d 519), "the loss of plea * * * minutes does not, *by itself,* automatically entitle a defendant to summary reversal of his judgment of conviction." (*People v Bell,* 36 AD2d 406, 408.) A presumption of regularity attaches to all judicial proceedings and judgments of conviction. Since defendant, who pleaded guilty, has failed to articulate any appealable issue, that presumption stands unrebutted, and is entitled to full effect. The judgment of conviction is affirmed. Concur — Murphy, P. J., Sullivan, Carro, Lynch and Ellerin, JJ.