■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOMO KENYATTA, Also Known as DANIEL GREEN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered July 31, 1980, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant maintains on appeal that he is entitled to summary reversal of his conviction for assault in the first degree because the victim's medical records, which were admitted into evidence at trial, have since been lost. These records were

received into evidence to supplement the victim's testimony regarding his injuries, in order to establish that the victim suffered "serious physical injury" as defined by Penal Law § 10.00 (10).

We note that the defendant has failed to assert that exception was taken with respect to the prosecution's alleged failure to establish that the victim suffered serious physical injury. Indeed, this was not even put in issue during the trial. The complainant's medical records were admitted into evidence upon stipulations. As such, the issue has not been preserved for appellate review (CPL 470.05 [2]; *People v Glass*, 43 NY2d 283, 287).

In any event, it is only upon an appropriate showing by the defendant that alternate methods are unavailable to provide an adequate record from which this court could discern the existence of genuine issues that a defendant is entitled to automatic reversal *(People v Rivera*, 39 NY2d 519; *People v Glass, supra)*. The defendant has failed to allege, let alone establish, that efforts to procure a certified copy of the medical records from the hospital have been or would be unavailing *(cf. People v Gallella*, 23 AD2d 285).

It is not enough to merely allege that documentary evidence has been lost *(People v Lopez*, 97 AD2d 5). "A defendant has a greater burden in that he must set forth appealable grounds, i.e., the nature of those issues which would have been raised on appeal had the [evidence] * * * been available" *(People v Bell*, 36 AD2d 406, 408, *affd* 29 NY2d 882). A defendant must state appealable grounds in order to overcome the presumption of regularity which attends all judgments of conviction *(People v Bell, supra)*. A "defendant must set forth his grounds for appeal * * * to enable a reviewing court to determine whether the appealable issues which would have been raised can, nevertheless, be properly evaluated, passed upon, and disposed of, without the need to refer to the missing [evidence]" *(People v Bell, supra,* at p 408). This he has failed to do.

Furthermore, there is no basis on this record warranting a modification of the sentence. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 3, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and