■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered January 22, 1985, convicting him of robbery in the first degree, and a judgment of the same court (Linakis, J.), also rendered January 22, 1985, convicting him of robbery in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denials, after hearings, of those branches of the defendant's omnibus motions which were to suppress identification testimony.

Ordered that the judgments are affirmed.

On the instant appeal, the defendant argues that in view of the loss of the plea minutes of December 10, 1984, with respect to his conviction for robbery in the first degree under indictment No. 3722/84, that judgment of conviction must be summarily reversed. We disagree with this argument. It is well settled that the loss of plea minutes "does not, *by itself,* automatically entitle a defendant to summary reversal of his judgment of conviction" *(People v Bell,* 36 AD2d 406, 408, *affd* 29 NY2d 882). Rather, the defendant has the "greater burden in that he must set forth appealable grounds, i.e., the nature of those issues which would have been raised on appeal had the plea * * * minutes been available" *(People v Bell, supra,* at 408). The defendant has not met that burden in this case. We have examined the defendant's remaining arguments with respect to his motions to suppress identification testimony and find them to be without merit *(see, People v Malphurs,* 111 AD2d 266; *People v Wright,* 112 AD2d 179). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.