■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERTO CORDERO, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Charde, J.), rendered July 30, 1986, convicting him of rape in the first degree, attempted coercion in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the judgment of conviction should be reversed or, alternatively, a reconstruction hearing should be held because of the unavailability of a portion of the trial transcript containing readbacks of the complaining witness's testimony to the jury.

It is well established that the mere unavailability of a portion of the trial transcript does not require reversal and that the defendant must set forth the nature of the issues that would have been raised on appeal had the minutes been available (see, People v Glass, 43 NY2d 283; People v Rivera, 39 NY2d 519; People v Bell, 36 AD2d 406, affd 29 NY2d 882; People v Acevedo, 104 AD2d 946). The defendant failed to raise any appealable issues. He merely alleges that the missing transcript is "crucial" to appellate review. Therefore, he is not entitled to a reversal of his judgment of conviction (see, People v Bell, supra). Nor is there any need for a reconstruction hearing. Those portions of the record which were read back to the jury are readily discernible from the record on appeal. Moreover, the defendant does not allege that the requested testimony was not read back or that the readback was in some way inaccurate or erroneous. Under these circumstances, the defendant has not been prejudiced in presenting his case and he has not been deprived of an effective appeal (see, People v Glass, supra; People v Acevedo, supra).

The defendant's sentence is in all respects proper (see, Penal Law § 70.06; People v Suitte, 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (see, CPL 470.05 [2]) and, in any event, does not warrant reversal. Mangano, P. J., Kooper, Sullivan and Harwood, JJ., concur.