■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GONZALEZ, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (De Lury, J.), rendered August 30, 1983, convicting him of murder in the second degree (three counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his rights to the effective assistance of counsel, due process, equal protection, and a speedy appeal were violated by the loss or destruction of portions of his trial transcript. It is well established that the mere unavailability of a portion of a trial transcript does not require reversal and that the defendant must set forth the nature of the issues that would have been raised on appeal had the minutes been available (see, People v Glass, 43 NY2d 283; People v Rivera, 39 NY2d 519; People v Cordero, 175 AD2d 809). A reconstruction hearing took place in the instant case, and we find that it was successful in reconstructing an adequate record from which it could be determined whether genuine appealable and reviewable issues existed (see, People v Glass, supra). Since most of the delay which may have led to the destruction or loss of the minutes was the fault of the defendant, reversal is not required (see, Simmons v Reynolds, 898 F2d 865; Brooks v Jones, 875 F2d 30).

We reject the defendant's contention that the hearing court should have suppressed his statements to law enforcement authorities. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the suppression court, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). We are satisfied that the hearing court properly credited the detective's testimony that the defendant's statements were voluntary.

We have considered the defendant's remaining contentions, including his claim that his sentence was excessive, and find them to be without merit (see, People v Suitte, 90 AD2d 80). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.