■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH TORO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered February 2, 1988, convicting him of robbery in the first degree, grand larceny in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of grand larceny in the second degree to petit larceny, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the value of the stolen jewelry was not established in accordance with Penal Law § 155.20 (1), which requires proof of "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime". Accordingly, his conviction for grand larceny in the second degree (Penal Law former § 155.35) cannot stand *(see,*

*People v Cromwell,* 150 AD2d 715; *People v Batista,* 141 AD2d 654; *People v Funchess,* 137 AD2d 831). However, the evidence presented did establish the crime of petit larceny, which requires no proof of value. Accordingly, the judgment is modified to reduce his conviction of grand larceny in the second degree to petit larceny. There is no need to remit the matter for resentencing on that count as the defendant has already served the maximum period to which he could have been sentenced on the conviction of petit larceny.

Additionally, contrary to the defendant's contention, he is not entitled to be resentenced because the sentencing minutes are lost. There is a presumption of validity and regularity which attends all judgments of conviction *(see, People v Bell,* 36 AD2d 406, *affd* 29 NY2d 882) and that presumption may only be rebutted by substantial evidence to the contrary *(see, People v Smalls,* 116 AD2d 675). When a transcript is missing, it is the defendant's burden to demonstrate that genuine appealable issues exist *(see, People v Bell, supra,* at 408) and that alternative methods of providing an adequate record are not available *(see, People v Rivera,* 39 NY2d 519, 523). The defendant has not met this burden. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.