■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEON HALL, Appellant. [608 NYS2d 403] —Judgment, Supreme Court, Bronx County (William J. Drohan, J.), rendered November 4, 1976, convicting the defendant, upon a jury verdict, of rape in the first degree, two counts of burglary in the first degree, burglary in the second degree and two counts of assault in the third degree and sentencing him to concurrent indeterminate terms of imprisonment of from 8⅓ to 25 years on the rape and burglary in the first degree counts, 5 to 15 years on the burglary in the second degree count and to 1 year concurrent terms on each of the assault in the third degree counts, unanimously reversed, on the law, and the matter is remitted for a new trial.

Following a pretrial hearing and trial in 1976, the defendant was convicted and sentenced for crimes committed during three separate incidents. His court-appointed attorney indicated to the court after sentencing that he would remain with the case for the purpose of appeal. Although a timely notice of appeal was filed, there was no application for poor person relief and, consequently, no order was issued by the Appellate Division for the preparation of the record on appeal. By order of this Court entered August 16, 1990, the defendant's motion for leave to prosecute his appeal as a poor person on the original record was granted and Legal Aid was assigned as counsel.

The defendant moved for summary reversal of his conviction, or, in the alternative, for a reconstruction hearing in July of 1992 on the ground that the rulings by the Supreme Court after a suppression hearing and the minutes of the trial were lost and could not be reproduced. By order entered September 17, 1992, this Court granted the defendant's motion for a reconstruction hearing.

At the hearing, the attorney who represented the defendant at the 1976 trial testified that he did not keep the case file and had no independent recollection of the pretrial hearing or the trial, of the decision of the court on the suppression issues, of any objections made at trial, of the conduct of the prosecutor or of the charge or exceptions to the charge. He did recall that the Judge had made some remarks to the jury that caused them to laugh and that he objected. The Judge who presided at the trial, now retired, submitted a letter stating that he

had no recollection of the case. The parties stipulated that the Assistant District Attorney who prosecuted the matter also had no independent recollection of the case. The parties further stipulated that the defendant had no independent recollection of the case.

We agree with the defendant that he is entitled to the summary reversal of his conviction and a new trial since the reconstruction hearing was inadequate to protect his right to appeal *(People v Rivera,* 39 NY2d 519). When a transcript is missing, the defendant must generally demonstrate that genuine appealable issues exist and that alternative methods of providing an adequate record are not available *(see, People v Council,* 162 AD2d 365, *lv denied* 76 NY2d 984; *People v Santiago,* 158 AD2d 252; *see also, People v Toro,* 186 AD2d 603, 604, *lv denied* 81 NY2d 848; *People v Gonzalez,* 110 AD2d 592, *lv denied* 65 NY2d 815). However, where minutes of a trial are lost, the presumption is "less demanding" since a trial presents greater possibilities for appealable issues *(People v Rivera, supra,* at 525; *cf., People v Gonzalez, supra).*

The entire minutes of this 17 year old trial are missing, as is the decision on the suppression issues. No one, including the defendant, has an independent recollection of the proceedings and neither the attorneys nor the Judge kept notes *(cf., People v Glass,* 43 NY2d 283; *People v Andino,* 183 AD2d 834, *lv denied* 80 NY2d 901). Accordingly, since it was impossible to establish specific appealable and reviewable issues, and since an alternative method of providing an adequate record is unavailable, summary reversal and a new trial are warranted.

Although the defendant failed to seek poor person relief after being advised of his right to appeal the 1976 conviction, and the minutes were not, therefore, transcribed, we decline to deny the motion for summary reversal on this basis. This was his first conviction, and the comments of his attorney after sentencing likely led him to believe that the necessary steps to perfect the appeal were being taken *(see, People v Lacroix,* NYLJ, Feb. 28, 1989, at 26, col 6 [2d Dept]); *cf., People v Mirenda,* 57 NY2d 261, 267). Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.