THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO M., Appellant. [647 NYS2d 895] —Adjudication unanimously affirmed. Memorandum: Defendant appeals from a youthful offender adjudication finding that he committed assault in the second degree. Defendant argues that the evidence is insufficient to establish that the victim suffered serious physical injury or that defendant intended to cause serious physical injury. Because defendant's motion for a trial order of dismissal was directed only at the latter issue, defendant has not preserved for our review his argument that the evidence is insufficient to show serious physical injury (*see, People v Blunt*, 176 AD2d 741, 742; *People v Davis*, 172 AD2d 553, 554, *lv denied* 77 NY2d 994; *People v Kenyatta*, 116 AD2d 739, 740, *lv denied* 67 NY2d 945; *see generally, People v Gray*, 86 NY2d 10, 19).

The evidence is sufficient for the jury to infer that defendant intended to cause serious physical injury. It may be inferred that a person intends the natural and probable consequences of his acts (*People v Lieberman*, 3 NY2d 649, 652; *Matter of An-*

*dre D.*, 182 AD2d 1108, 1109). Defendant struck the victim with sufficient force to knock him unconscious, break his jaw and cheekbone, shatter his dentures, and cause a concussion that resulted in an accumulation of blood in the victim's brain. The victim had his jaw wired shut and could not eat solid foods for several months. He had a plate installed in his jaw, and he retains scars from the surgical incisions, a tracheotomy and the drilling of his skull to remove the blood from his brain.

In view of the violent and random nature of the assault, and the fact that defendant received youthful offender status, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Adjudication of Supreme Court, Erie County, Forma, J.—Youthful Offender.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.