■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FENTI, Appellant. [652 NYS2d 437] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's conviction is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The evidence establishes that defendant exercised dominion and control over the apartment, thus supporting the conclusion that he constructively possessed the marihuana found in the kitchen by the police (see, People v Fuller, 168 AD2d 972, 973-974, lv denied 78 NY2d 922; People v Gaddy, 94 AD2d 892). The evidence further establishes that defendant knowingly possessed drugs with an aggregate weight of over eight ounces (see generally, People v Ryan, 82 NY2d 497, 505). That knowledge may be inferred from the proof of defendant's prior handling of the marihuana in the apartment and the fact that the marihuana seized was over 50% above the amount required for a conviction of criminal possession of marihuana in the third degree (see, People v Sanchez, 86 NY2d 27, 33-34; People v Dillon, 207 AD2d 793, 796, affd 87 NY2d 885; People v Porter, 207 AD2d 993, 994, lv denied 84 NY2d 1037, 86 NY2d 845).

We reject the contention of defendant that his conviction must be reversed because trial exhibit No. 6, a calendar allegedly containing notations of drug sales, was lost after trial. A presumption of regularity and validity attends all judgments of conviction (see, People v Bell, 36 AD2d 406, 408, affd 29 NY2d 882). To rebut the presumption and establish entitlement to reversal based on a missing trial transcript or exhibit, a defendant must show that alternative methods of providing an adequate record are not available and that an appealable issue exists (see, People v Glass, 43 NY2d 283, 285-286; People v Garcia, 203 AD2d 72, lv denied 83 NY2d 910; People v Toro, 186 AD2d 603, 604, lv denied 81 NY2d 848). Defendant in this case has failed to meet that burden (see, People v Glass, supra, at 286-287; People v Toro, supra, at 604).

The contention that defendant's conviction should be reversed because County Court failed to give an accomplice-in-fact charge or a corroboration charge has not been preserved for our review (see, CPL 470.05 [2]; People v Britt, 212 AD2d 1034, lv denied 85 NY2d 936), and we decline to exercise our

power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Criminal Possession Marihuana, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.