■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RIVERA, Appellant. [694 NYS2d 13] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 8, 1997, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

The insufficiency of the record, even after attempts at resettlement, to resolve defendant's claim that the court failed to inform counsel of, or respond properly to, a note from a juror does not warrant reversal of defendant's conviction. The note, received at an undetermined time on the final day of the trial, indicated that if "not inconvenient * * * or otherwise inappropriate", the juror would request that they finish "today" for personal, work-related reasons. Defendant has failed to set forth appealable grounds that he would have been able to raise had the record been complete (see, People v Bell, 36 AD2d 406, affd 29 NY2d 882). Evaluating the case on the basis of its unique facts, we find nothing contained within the juror's note

to indicate that he should have been discharged as unqualified to serve (*see*, CPL 270.35; *People v Buford*, 69 NY2d 290). Nor did the note provide a basis upon which to speculate that the jurors had engaged in premature deliberations, or that they commenced deliberations with a predisposition toward a finding of guilt (*compare, People v McClenton*, 213 AD2d 1, *appeal dismissed* 88 NY2d 872), or that they operated under a time constraint given the time of day in which they announced their verdict (*see, People v Agosto*, 73 NY2d 963). Moreover, given the strength of the evidence against defendant and the speed with which the jury reached its verdict, there was no reasonable possibility of any prejudice to defendant. Concur—Mazzarelli, J. P., Wallach, Rubin, Andrias and Saxe, JJ.