■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE MAHONEY, Appellant. [776 NYS2d 402]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered April 9, 2002. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant contends that the verdict is against the weight of the evidence because, while he admittedly intended to strike the victim, he did not intend to cause serious physical injury. We reject defendant's contention. A defendant may be presumed to intend the natural and probable consequences of his actions (*see People v Getch*, 50 NY2d 456, 465 [1980]; *People v Angelo M.*, 231 AD2d 925 [1996], *lv denied* 89 NY2d 862, 1087 [1996]), and "[i]ntent may be 'inferred from the totality of conduct of the accused' " (*People v Mike*, 283 AD2d 989, 989 [2001], *lv denied* 96 NY2d 904 [2001]). Here, several witnesses testified that the victim fell to the ground as a result of the first blows inflicted by defendant and that defendant repeatedly kicked the victim in the head as he lay defenseless. "[T]he eyewitness accounts of defendant's . . . fatal beating of the victim, coupled with the medical testimony, clearly established that the defendant intended to cause serious physical injury to the victim" (*People v Figueroa*, 143 AD2d 767, 767 [1988], *lv denied* 73 NY2d 855 [1988]), and thus it cannot be

said that the verdict is against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the sentence is neither unduly harsh nor severe. Finally, there is no merit to the remaining contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.