# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

454.1
KA 10-00186
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIAM A. MEACHAM, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered December 21, 2009. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of gang assault in the first degree (Penal Law § 120.07), defendant contends that the evidence is legally insufficient to establish that he intended to cause serious physical injury to the victim. We reject that contention (*see People v Chowdhury*, 22 AD3d 596, *lv denied* 6 NY3d 753; *see generally People v Bleakley*, 69 NY2d 490, 495). Multiple witnesses testified at trial that defendant repeatedly punched or kicked the victim while he was on the ground. As a result of the beating, the victim sustained fractures to his face and skull, as well as permanent brain damage. Several relatives and a friend of defendant also struck the victim while he was on the ground. The People presented evidence establishing that defendant spearheaded the assault because he was angry with the victim for posting photographs of individuals identified as registered sex offenders, including defendant, at the apartment complex where defendant and the victim resided. Although defendant did not admit during the assault or anytime thereafter that his intent was to cause serious physical injury to the victim, "[a] defendant may be presumed to intend the natural and probable consequences of his actions" (*People v Mahoney*, 6 AD3d 1104, *lv denied* 3 NY3d 660; *see People v Getch*, 50 NY2d 456, 465). The natural and probable consequences of repeatedly striking a man while he is on the ground defenseless is that he will sustain a serious physical injury within the meaning of Penal Law § 10.00 (10). Defendant's intent may also be "inferred from the totality of [his] conduct" (*People v Horton*, 18 NY2d 355, 359, *mot to amend remittitur granted* 19 NY2d 600, 634, *cert denied* 387 US 934; *see People v Mike*, 283 AD2d 989, *lv denied* 96 NY2d 904), including the anger that

defendant expressed toward the victim for having identified him in the photograph as a registered sex offender.

Contrary to defendant's further contention, the evidence is legally sufficient to establish that he was "aided by two or more persons actually present" in causing serious physical injury to the victim (Penal Law § 120.07; *see generally Bleakley*, 69 NY2d at 495). A friend of defendant who was staying in his apartment at the time of the assault testified that he observed defendant and five other people hitting the victim while he was on the ground. Similar testimony was given by another witness. Such testimony, accepted as true, established that there were at least two other people "in the immediate vicinity of the crime and [that they were] capable of rendering immediate assistance to [defendant]" (*People v Rivera*, 71 AD3d 701, 702). Further, based on our review of the record, we cannot conclude that the testimony of those witnesses was "so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]; *see People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there was a " 'valid line of reasoning and permissible inferences [that] could lead a rational person' to convict" defendant of gang assault in the first degree (*People v Santi*, 3 NY3d 234, 246; *see People v Sanchez*, 13 NY3d 554, 566, *rearg denied* 14 NY3d 750).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although defendant contends that the similar testimony of his friend and another witness is not worthy of belief, it is well settled that issues relating to the credibility of witnesses are primarily within the province of the jury, which observed and heard the witnesses (*see People v Massey*, 61 AD3d 1433, *lv denied* 13 NY3d 746; *People v Sorrentino*, 12 AD3d 1197, *lv denied* 4 NY3d 748).

Defendant failed to preserve for our review his further contention that County Court erred in failing to give a limiting instruction with respect to the evidence establishing that the victim posted defendant's photograph and identified him as a sex offender (*see People v Dandridge*, 26 AD3d 779, 780). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was improperly penalized for exercising his right to a jury trial (*see People v Dorn*, 71 AD3d 1523). In any event, that contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v*

*Murphy*, 68 AD3d 1730, 1731, *lv denied* 14 NY3d 843 [internal quotation marks omitted]).  Finally, the sentence is not unduly harsh or severe.

Entered:  May 6, 2011                    Patricia L. Morgan
                                         Clerk of the Court