# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**534**

**KA 09-00297**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

TARIAS D. WILLIAMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered August 8, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that the evidence is legally insufficient to establish that he intended to cause serious physical injury to the 66-year-old victim. We reject that contention. The victim and another witness testified at trial that defendant repeatedly punched the victim in the face while he was standing and after defendant had knocked him to the ground. Further, defendant struck the victim with sufficient force to cause a retrobulbar hemorrhage, as well as a fracture of the orbit, complete displacement of the lens and damage to the retina of the victim's right eye, which resulted in permanent partial loss of vision. Defendant is " 'presumed to intend the natural and probable consequences of his actions' " (*People v Roman*, 13 AD3d 1115, 1116, *lv denied* 4 NY3d 802), and the natural and probable consequence of repeatedly punching a defenseless man in the face is that he will sustain a serious physical injury within the meaning of Penal Law § 10.00 (10) (*see People v Meacham*, 84 AD3d 1713, 1714, *lv denied* 17 NY3d 808; *People v Angelo M.*, 231 AD2d 925, 925-926, *lv denied* 89 NY2d 862, 1087).

The sentence is not unduly harsh or severe.

Entered:  April 20, 2012                                    Frances E. Cafarell
                                                            Clerk of the Court