Matter of Faith B. (Randi B.) (2019 NY Slip Op 01034)





Matter of Faith B. (Randi B.)


2019 NY Slip Op 01034


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1267 CAF 16-01715

[*1]IN THE MATTER OF FAITH B., NEVEAH B., ELIJAH B., GRACE B., AND JOSHUA B. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; RANDI B., RESPONDENT, AND JOSHUA B., SR., RESPONDENT-APPELLANT. 






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILD.
MINDY L. MARRANCA, BUFFALO, ATTORNEY FOR THE CHILD.
RACHEL K. MARRERO, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered August 22, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Joshua B., Sr., abused the oldest subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order determining, following a fact-finding hearing, that he abused the oldest subject child. The father allegedly committed an act of sexual abuse against the child while she was staying in the psychiatric unit of Erie County Medical Center (ECMC). The child's stay in ECMC was less than 24 hours. Prior to the hearing, the father sought disclosure of the child's psychiatric records. Family Court permitted disclosure of psychiatric records pertaining to the dates of the alleged incident of abuse, but denied disclosure of any other records. ECMC provided the court with records in response to a subpoena. The court reviewed those records in camera and then provided the father's attorney with the psychiatric records pertaining to the dates in question. The father's attorney requested that the court mark the remaining psychiatric records provided by ECMC as an exhibit for appellate review. Although the court agreed to do so, that exhibit has since been lost.
The father contends that the court committed reversible error by failing to preserve the exhibit. Contrary to the assertion of petitioner and the Attorney for the Child, the father preserved his contention for our review by requesting that the court mark the exhibit for appellate review (see generally Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645 [4th Dept 2018]). Nevertheless, we reject that contention because the father does not assert an "appealable issue" (Matter of Patrick S., 305 AD2d 1111, 1112 [4th Dept 2003] [internal quotation marks omitted]; see People v Kenyatta, 116 AD2d 739, 740 [2d Dept 1986], lv denied 67 NY2d 945 [1986]). Indeed, "[i]t is not enough to merely allege that documentary evidence has been lost" (Kenyatta, 116 AD2d at 740), and, here, the father makes no contention that the court abused its discretion in refusing to disclose the exhibit (cf. L.T. v Teva Pharms. USA, Inc., 71 AD3d 1400, 1401 [4th Dept 2010]).
The father's remaining contentions are not preserved for our review.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court