People v Desius (2020 NY Slip Op 06611)





People v Desius


2020 NY Slip Op 06611


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND WINSLOW, JJ.


680.5 KA 18-02097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LOIRMUS DESIUS, ALSO KNOWN AS BABOO, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered July 26, 2018. The appeal was held by this Court by order entered December 20, 2019, decision was reserved and the matter was remitted to Wayne County Court for further proceedings (178 AD3d 1422 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree (Penal Law § 120.05 [4]) and dismissing count three of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of two counts of assault in the second degree (Penal Law § 120.05 [1] [intentional assault], [4] [reckless assault]), arising from an altercation during which he punched the victim in the face approximately three times, causing the victim to fall and hit his head on the concrete sidewalk, then continued to punch the victim while he was lying on the ground unconscious. The victim died as a result of his injuries. We previously held the case, reserved decision, and remitted the matter to County Court for a ruling on defendant's objection to the verdict as inconsistent (see People v Desius, 178 AD3d 1422, 1422-1423 [4th Dept 2019]). On remittal, the court determined, for the reasons set forth in its written decision on the verdict, that its verdict convicting defendant of both intentional and reckless assault is not inconsistent.
Defendant contends that the evidence is legally insufficient to support the conviction of assault in the second degree (Penal Law
§ 120.05 [1] [intentional assault]) under the fourth count of the indictment because the People failed to establish that he intended to cause serious physical injury to the victim. We reject that contention. "[V]iewing the facts in a light most favorable to the People," we conclude that the evidence is legally sufficient to establish that defendant intended to cause serious physical injury to the victim (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Ford, 114 AD3d 1273, 1274 [4th Dept 2014], lv denied 23 NY3d 962 [2014]; People v Meacham, 84 AD3d 1713, 1714 [4th Dept 2011], lv denied 17 NY3d 808 [2011]). Intent can be proven by circumstantial evidence (see People v Wiley, 104 AD3d 1314, 1314 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]), and "[a] defendant may be presumed to intend the natural and probable consequences of his [or her] actions" (Ford, 114 AD3d at 1274 [internal quotation marks omitted]; see Meacham, 84 AD3d at 1714).
Here, eyewitnesses to the altercation testified that defendant repeatedly punched the victim while he was lying unconscious on the sidewalk. Under the circumstances, serious physical injury was the natural and probable consequence of defendant's actions (see Ford, 114 AD3d at 1274; Meacham, 84 AD3d at 1714). Defendant's expressions of anger toward the [*2]victim also support the inference that defendant intended to cause serious physical injury (see Meacham, 84 AD3d at 1714; see generally People v Bracey, 41 NY2d 296, 301-302 [1977], rearg denied 41 NY2d 1010 [1977]).
We also reject defendant's contention that the verdict convicting him of intentional assault is against the weight of the evidence (see People v Cooper, 50 AD3d 1570, 1571 [4th Dept 2008], lv denied 10 NY3d 957 [2008]; People v Mahoney, 6 AD3d 1104, 1104 [4th Dept 2004], lv denied 3 NY3d 660 [2004]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the evidence is not legally sufficient to support the conviction of assault in the second degree (Penal Law § 120.05 [4] [reckless assault]) under the third count of the indictment. Although a sidewalk or concrete surface can be "used" as a dangerous instrument (People v Galvin, 65 NY2d 761, 763 [1985]; see People v Al Haideri, 141 AD3d 742, 745 [3d Dept 2016], lv denied 28 NY3d 1025 [2016]; People v Melville, 298 AD2d 601, 601 [2d Dept 2002], lv denied 99 NY2d 617 [2003]), the testimony of the eyewitnesses establishes that the blows to the victim, which were delivered using a cross-wise motion, were not executed in such a way as to establish that defendant consciously disregarded a substantial and unjustifiable risk that the victim's head would have contact with the concrete (cf. Galvin, 65 NY2d at 762; Al Haideri, 141 AD3d at 745; Melville, 298 AD2d at 601). Under the circumstances presented, there is no "valid line of reasoning and permissible inferences from which a rational [person]" could conclude that defendant recklessly used the sidewalk as a dangerous instrument (Danielson, 9 NY3d at 349; see People v McElroy, 139 AD3d 980, 982 [2d Dept 2016], lv denied 28 NY3d 1029 [2016]). We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree (Penal Law
§ 120.05 [4]) and dismiss count three of the indictment.
In light of our determination, defendant's further contention that the verdict with respect to count three is against the weight of the evidence is moot (see People v Jones, 100 AD3d 1362, 1365 [4th Dept 2012], lv denied 21 NY3d 1005 [2013], cert denied 571 US 1077 [2013]), as is his contention that the verdict convicting him of counts three and four of the indictment is inconsistent (see People v Jackson, 111 AD2d 253, 254 [2d Dept 1985]). We note, however, that the court erred in determining that Penal Law § 120.05 (1) and (4) have two different results, i.e., that the former results in "serious physical injury" and the latter results in "grave risk of injury to another person." Contrary to the court's determination, both subdivisions state that the result is "serious physical injury," and it is well settled that a person cannot act both recklessly and intentionally in causing the same result (see People v Gallagher, 69 NY2d 525, 529 [1987]; see also People v Finkelstein, 144 AD2d 250, 250 [1st Dept 1988], lv denied 73 NY2d 921 [1989]).
Defendant contends that the court erred in denying his request for a missing witness charge. We reject that contention. Defendant failed to make a prima facie showing of entitlement to a missing witness charge because he did not establish the materiality of the witnesses' knowledge (see People v Smith, 33 NY3d 454, 458-459 [2019]; People v Savinon, 100 NY2d 192, 197 [2003]).
Although defendant correctly contends that he was improperly restrained during the trial because the court failed to make the requisite "case-specific, on-the-record finding of necessity" (People v Clyde, 18 NY3d 145, 153 [2011], cert denied 566 US 944 [2012]; see People v Best, 19 NY3d 739, 742 [2012]), we conclude that the error was harmless in this nonjury trial. The evidence of defendant's guilt with respect to the fourth count of the indictment is overwhelming, and there is no reasonable possibility that the error contributed to the verdict (see Clyde, 18 NY3d at 154; see also People v Morillo, 104 AD3d 792, 794 [2d Dept 2013], lv denied 22 NY3d 1201 [2014]).
Defendant failed to preserve for this Court's review his contention that the court violated CPL 380.50 by not asking him if he wished to make a statement at sentencing (see People v Green, 54 NY2d 878, 880 [1981]). In any event, the court substantially complied with CPL 380.50 by asking defense counsel if he wished to be heard prior to the imposition of sentence (see generally People v McClain, 35 NY2d 483, 491 [1974], cert denied 423 US 852 [1975]).
We reject defendant's contention that he was denied effective assistance of counsel at [*3]sentencing because defense counsel failed to request a lesser sentence. The evidence establishes that defendant was the aggressor throughout the altercation that resulted in the victim's death, and defendant's extensive criminal history included a prior assault conviction. Thus, "given the nature of defendant's criminal record and the criminal conduct herein, . . . no statement made by defense counsel at sentencing would have had an impact on the sentence imposed" (People v Price, 129 AD3d 1484, 1485 [4th Dept 2015], lv denied 26 NY3d 970 [2015] [internal quotation marks omitted]), and counsel was not required to make a request "with little or no chance of success" (People v Nuffer, 70 AD3d 1299, 1300 [4th Dept 2010]).
Contrary to defendant's further contentions, the record fails to establish that the court improperly sentenced him as a first rather than a second violent felony offender, and the sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction incorrectly states that counts one and two of the indictment were satisfied by the conviction on count three. The court indicated, however, in rendering its verdict, that it did not consider counts one and two. The certificate of conviction must therefore be amended to reflect that the court did not consider those counts (see generally People v Gause, 46 AD3d 1332, 1333 [4th Dept 2007], lv dismissed 10 NY3d 811 [2008]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court