■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ASHLEY, Appellant. [744 NYS2d 408] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered July 13, 2000, convicting defendant, after a nonjury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 20 years with five years parole supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent that the sentence run concurrently with defendant's service of three consecutive 10-year sentences for robbery convictions in Kings County, and otherwise affirmed.

The court properly considered two Brooklyn robberies, of which defendant had already been convicted, in relation to the issue of identity. Those two robberies and the instant crime shared a sufficiently distinctive modus operandi as to render the Brooklyn crimes relevant to prove defendant's identity (*see, People v Beam*, 57 NY2d 241). Moreover, this evidence could not possibly have caused defendant any prejudice. The two robberies in question were included in defendant's videotaped confession, in which he admitted committing a total of five Brooklyn robberies in addition to the instant robbery, and defendant specifically asked the trial court to review the entire videotape for the purpose of evaluating the voluntariness of his confession to the instant crime. Furthermore, evidence of one

of the two Brooklyn crimes at issue was also properly admitted, without objection, on the additional ground that it provided an inextricable narrative as to how defendant came to be arrested and how the gun used in the instant crime was recovered by the police (*see, People v Till*, 87 NY2d 835, 837). Finally, not only is the court in a nonjury trial presumed to have disregarded prejudicial aspects of evidence (*People v Moreno*, 70 NY2d 403), but in this case the court specifically stated that it was not considering any of the Brooklyn crimes as evidence of criminal propensity (*see, People v Molloy*, 282 AD2d 311, *lv denied* 96 NY2d 922).

However, in the interest of justice, we see no reason to add to what is already effectively a 30-year sentence for defendant's convictions in Kings County. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.