■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PICHARDO, Appellant. [747 NYS2d 770] —Judgment,

Supreme Court, New York County (Dorothy Cropper, J.), rendered September 8, 1999, convicting defendant, after a jury trial, of aggravated criminal contempt, criminal contempt in the first degree (two counts), aggravated harassment in the second degree and assault in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, 2 to 4 years, 2 to 4 years, one year and one year, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. The People proved that defendant was duly served with the December 1997 order of protection. Only days after defendant threatened his wife with a knife, he was personally served with an envelope containing the order and bearing the seal of the Family Court, and was told that it was from his wife, whereupon defendant took the envelope and laughed. Defendant was clearly apprised of the fact that he was being served with legal process (*see Matter of Bonesteel*, 16 AD2d 324; *see also Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 313-314).

Defendant had notice of the content of both the December 1997 and the April 1998 orders (*see People v Clark*, 95 NY2d 773). Although both orders were written in English, defendant was on reasonable notice that these were official documents and that he should have them translated if he could not understand them (*Toure v United States*, 24 F3d 444, 446). Moreover, the April order was served at a court proceeding at which defendant was assisted by counsel and an interpreter.

Defendant's other challenges to the weight and sufficiency of the evidence are unavailing. The order was clear as to the persons it protected, and the credible evidence warranted the conclusion that defendant intentionally caused physical injury to his wife.

The court properly exercised its discretion in admitting uncharged evidence as background material, explaining the parties' relationship (*see People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673), notwithstanding the prosecutor's failure to obtain an advance ruling as to all the evidence (*People v McLeod*, 279 AD2d 372, *lv denied* 96 NY2d 921). The court's limiting instructions were sufficient to prevent any undue prejudice. In any event, were we to find any error, it would be harmless in view of the overwhelming evidence of defendant's guilt.

We perceive no basis for a reduction of sentence. Concur— Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.