■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO WILMORE, Appellant. [761 NYS2d 597] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered January 7, 2002, convicting defendant, after a nonjury trial, of assault in the second degree, aggravated criminal contempt, and criminal contempt in the first degree, and sentencing him to concurrent terms of three years, 1 to 3 years, and 1 to 3 years, respectively, unanimously affirmed.

In this domestic violence case, the court properly exercised its discretion in admitting a prior episode of domestic violence as evidence of intent (*see e.g. People v Zarif*, 290 AD2d 401 [2002], *lv denied* 98 NY2d 683 [2002]). The probative value of this evidence outweighed its prejudicial effect.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting his contempt convictions. Although there was an apparent typographical error as to its date, defendant stipulated that the order of protection was in effect on the date of the incident. The evidence also established that defendant knowingly and intentionally violated the order notwithstanding that it was in English and defendant claims to speak only Spanish. First, there was evidence, introduced without objection, that defendant spoke English. In any event, even if defendant spoke only Spanish, the order "was served at a court proceeding at which defendant was assisted by counsel and an interpreter" (*People v Pichardo*, 298 AD2d 150, 151 [2002], *lv denied* 99 NY2d 562 [2002]).

There is no basis for vacating defendant's conviction of criminal contempt in the first degree. First-degree criminal contempt is not a lesser included offense of aggravated contempt (*see* CPL 1.20 [37]; *People v Glover*, 57 NY2d 61, 63-64 [1982]). One could commit aggravated contempt without committing first-degree contempt because one can commit the former recklessly (*see* Penal Law § 215.52), whereas the latter requires intent (*see* Penal Law § 215.51 [b] [v]). Furthermore, these simultaneous convictions do not violate double jeopardy principles because each of the two contempt statutes "requires proof of [a] * * * fact which the other does not" (*Blockburger v United States*, 284 US 299, 304 [1932]). Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.