■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED ROMAN, JR., Appellant. [787 NYS2d 568]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 28, 2003. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree, aggravated harassment in the second degree (four counts), stalking in the fourth degree (three counts) and criminal contempt in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]); criminal contempt in the second degree (three counts) (§ 215.50 [3]); aggravated harassment in the second degree (four counts) (§ 240.30 [1] [a]); and stalking in the fourth degree (three counts) (§ 120.45 [1], [2], [3]). Defendant was sentenced to various terms of incarceration that, by operation of law (*see* § 70.35), are limited to the indeterminate term of incarceration of 2 to 4 years imposed upon defendant's conviction of criminal contempt in the first degree. The sentencing court issued an order of protection for the benefit of the victim.

By affirmatively requesting that Supreme Court submit charges of criminal contempt in the second degree as lesser included offenses of criminal contempt in the first degree, defendant has waived any claim of error with respect to such submission (*see People v Mills*, 1 NY3d 269, 274 [2003]; *People v Richardson*, 88 NY2d 1049, 1051 [1996]; *People v Ford*, 62 NY2d 275, 283 [1984]; *see also* CPL 300.50 [1]).

The evidence is legally sufficient (*see People v Bleakley*, 69 NY2d 490, 495 [1987]) to establish defendant's knowledge of the existence and contents of a temporary order of protection, more particularly, the conduct prohibited thereby (*see People v D'Angelo*, 284 AD2d 146 [2001], *affd* 98 NY2d 733 [2002]; *see also People v Clark*, 95 NY2d 773, 775 [2000], *rearg denied* 95

NY2d 849 [2000]; *cf. People v McCowan*, 85 NY2d 985, 987 [1995]). The evidence is likewise legally sufficient, and the verdict not against the weight of the evidence, on the issue of defendant's intent to "harass, annoy, threaten or alarm" the victim (Penal Law § 215.51 [b] [iv]) and to disobey or resist the temporary order of protection (§ 215.50 [3]). It is well established that a "defendant may be presumed to intend the natural and probable consequences of his actions (*see People v Getch*, 50 NY2d 456, 465 [1980]; *People v Angelo M.*, 231 AD2d 925, *lv denied* 89 NY2d 862, 1087 [1996]), and '[i]ntent may be "inferred from the totality of conduct of the accused" ' (*People v Mike*, 283 AD2d 989, 989 [2001], *lv denied* 96 NY2d 904 [2001])" (*People v Mahoney*, 6 AD3d 1104, 1104 [2004], *lv denied* 3 NY3d 660 [2004]). Further, the evidence is legally sufficient, and the verdict not against the weight of the evidence, on the element of defendant's intent to annoy or alarm the victim in connection with defendant's conviction of aggravated harassment in the second degree (*see* Penal Law § 240.30 [1]; *see generally Bleakley*, 69 NY2d at 495).

It was error for the prosecutor to ask defendant whether certain witnesses against him were lying (*see People v Paul*, 212 AD2d 1020, 1021 [1995], *lv denied* 85 NY2d 912 [1995]; *People v Barnes*, 109 AD2d 179, 186 [1985]; *People v Montgomery*, 103 AD2d 622 [1984]). Nonetheless, we cannot conclude that defendant was deprived of a fair trial by those isolated instances of prosecutorial misconduct (*see People v Wilson*, 267 AD2d 1061, 1062 [1999], *lv denied* 94 NY2d 908 [2000]).

We agree with defendant's contention that the court erred in setting an expiration date on the order of protection in such a way as to fail to take into account creditable jail time. We therefore modify the judgment by amending the order of protection, and we remit the matter to Supreme Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date that is three years from the date of expiration of the maximum term of the sentence (*see People v Grice*, 300 AD2d 1005, 1006 [2002], *lv denied* 99 NY2d 654 [2003]).

We have considered defendant's remaining contentions and conclude that they are unpreserved for our review and lacking in merit in any event. Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.