■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL GARVIN, Appellant. [830 NYS2d 549]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 12, 2004, convicting defendant, after a jury trial, of criminal contempt in the first degree (eight counts), and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Except as noted herein, the court properly exercised its discretion in admitting evidence of uncharged crimes and bad acts, including evidence of defendant's prior violation of an order of protection leading to the issuance of the order of protection violated in this case, since such evidence was admissible for various purposes and since its probative value exceeded its prejudicial effect. The evidence was properly admitted to explain the origin of the instant charges and to explain the relationship between defendant and the complainant (*see People v Thomas*, 26 AD3d 241 [2006], *lv denied* 6 NY3d 898 [2006]). The evidence was also relevant to establish motive, intent and identity (*see id.*; *People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), as well as the "reasonable fear" element contained in several of the criminal contempt charges (*see* Penal Law § 215.51 [b] [i], [iii]). Of particular relevance to essential elements of the charged crimes was a courtroom incident where, upon receipt of the order of protection in question, defendant threatened the complainant with death and expressed his intention to violate

it. However, the court should have excluded evidence that the complainant had heard that defendant had "committed a particularly violent act for which he was not convicted," since this evidence was unduly prejudicial. Nevertheless, any error in the receipt of this evidence, or any of the other uncharged crimes evidence, was harmless in light of the overwhelming evidence of defendant's guilt. Defendant's claim that the court's limiting instructions were inadequate is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find any error to be harmless.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

The record amply supports the court's exercise of discretion in adjudicating defendant a persistent felony offender. We also perceive no basis for reducing the sentence. Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.