■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE PALLADINO, Appellant. [849 NYS2d 542]—

Judgment, Supreme Court, New York County (Gerald Harris, J.), rendered September 25, 2006, convicting defendant of criminal contempt in the first degree (four counts), resisting arrest, assault in the third degree, and harassment in the second degree (four counts), and sentencing her to an aggregate term of five years' probation, unanimously affirmed.

Defendant's legal sufficiency argument relating to the assault conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding (*see Bell v Miller*, 500 F3d 149, 155 [2d Cir 2007]), we also reject it on the merits. The victim testified that, as a result of being attacked and kicked in the groin by defendant, he felt like vomiting and staggered against a pole. He was treated at a hospital, where an ultrasound revealed a contusion of his scrotum. The victim, who also sustained scratches and other bruises during the attack, received a tetanus shot and missed a day of work. There was also evidence that the victim was in "a lot of pain" for several weeks following this assault. These injuries were more than

mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]), and satisfied the element of physical injury (*see People v Chiddick*, 8 NY3d 445 [2007]; *People v Stapleton*, 33 AD3d 464 [2006]). Furthermore, the verdict was also not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant's claim that the court should have instructed the jury, sua sponte, on the law of justification in defense of property (Penal Law § 35.10 [6]) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Such action would have unlawfully interfered with defense strategy since "a defendant unquestionably has the right to chart his own defense" (*People v DeGina*, 72 NY2d 768, 776 [1988]), and would, in any event, have been unsupported by a reasonable view of the evidence. Defendant's claim that his counsel rendered ineffective assistance by failing to request such an instruction is unreviewable on direct appeal because it involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]).

The court properly balanced the probative value against the prejudicial effect of admitting background evidence relating to the deteriorating relationship between defendant and the victims and the circumstances leading up to the issuance of orders of protection against defendant. This evidence was relevant to defendant's motive and intent, tended to complete the narrative, and was inextricably interwoven with the charged crimes (*see e.g. People v Thomas*, 26 AD3d 241 [2006], *lv denied* 6 NY3d 898 [2006]). The court did not admit an excessive amount of this evidence, and it minimized prejudice by means of a thorough limiting instruction (*see e.g. People v Alas*, 44 AD3d 534 [2007]). Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.