■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. TRIBUNELLA, Appellant. [856 NYS2d 362]—

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]). We agree with defendant that reversal is required based on Supreme Court's refusal to give an intoxication charge. "A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]; *see People v Gaines*, 83 NY2d 925, 927 [1994]). Viewing the evidence in the light most favorable to defendant, as we must (*see Gaines*, 83 NY2d at 926-927), we conclude that he established his entitlement to the charge. The testimony that defendant left a bar shortly before it closed for the night, was "extremely intoxicated," smelled of alcohol, was at times incoherent, and was physically impaired by his intoxication was sufficient to meet the "relatively low threshold" for entitlement to an intoxication charge (*People v Rodriguez*, 76 NY2d 918, 920 [1990]; *cf. People v Shaw*, 8 AD3d 1106, 1106-1107 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Hill*, 255 AD2d 969 [1998], *lv denied* 92 NY2d 1050 [1999]).

In light of our determination that a new trial is warranted, we need not reach defendant's remaining contention. Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.