■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MOLLOY, Appellant. [871 NYS2d 88]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 21, 2006, convicting defendant, after a jury trial, of criminal contempt in the first degree (three counts) and criminal contempt in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly admitted evidence of prior incidents involving the same victim, since this evidence was probative of the "reasonable fear of . . . physical injury" element of Penal Law § 215.51 (b) (vi), as well as to explain the origin of the charges and the relationship between defendant and his victim (see People v Palladino, 47 AD3d 491, 492 [2008], lv denied 10 NY3d 843 [2008]; People v Garvin, 37 AD3d 372 [2007], lv denied 8 NY3d 984 [2007]). A sufficient connection between the prior incidents and the victim's reasonable fear could be inferred from the evidence, whose probative value outweighed any prejudicial effect.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Use of the conjunctive "and" in the indictment did not obligate the People to prove more than what was required under the statutes (see People v Charles, 61 NY2d 321, 327-328 [1984]).

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant was not so intoxicated as to cast doubt on his ability to form the requisite intent. Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.