■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MALAVE, Appellant. [873 NYS2d 636]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 21, 2006, as amended December 4, 2006, convicting defendant, after a jury trial, of menacing in the first degree and six counts of criminal contempt in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 4 to 8 years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of the facts underlying two of the prior orders of protection that had been issued to the victim. This evidence was relevant to elements of the crimes charged, and its probative value outweighed any prejudicial effect, which was minimized by the court's thorough limiting instructions. One of the trial issues was whether defendant's possession and display of a hammer, which remained in his waistband during the incident in question, was with criminal or innocuous intent. Accordingly, his prior use of household items against the same victim tended to show his intent rather than mere propensity, and it was also highly probative of the "reasonable fear of physical injury" element of Penal Law § 215.51 (b) (i) (*see e.g. People v Palladino*,

47 AD3d 491 [2008], *lv denied* 10 NY3d 843 [2008]; *People v Garvin*, 37 AD3d 372 [2007], *lv denied* 8 NY3d 984 [2007]). The prosecutor's summation comments properly referred to the prior incidents, not to show propensity, but rather to establish the elements of the charged crimes. Furthermore, these remarks could not have caused any prejudice, particularly in light of the court's final instructions to the jury.

Defendant's specific appellate arguments concerning the sufficiency of the evidence and the court's refusal to submit a lesser included offense are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.