■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON DURAN, Appellant. [903 NYS2d 234]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered November 24, 2008, convicting defendant, after a nonjury trial, of menacing in the third degree, attempted criminal contempt in the second degree, and also convicting him of violation of probation, and sentencing him to an aggregate term of 11 months, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations.

The court properly permitted the People to introduce background evidence, including evidence of prior bad acts, relating to the contentious relationship between defendant and the victim and the events leading up to the issuance of the order of protection that defendant was charged with violating (*see People v Palladino*, 47 AD3d 491, 492 [2008], *lv denied* 10 NY3d 843 [2008]). The court correctly balanced the probative value of this evidence against its prejudicial effect. Moreover, "the court in a nonjury trial [is] presumed to have disregarded the prejudicial aspects of evidence" (*People v Ashley*, 296 AD2d 339, 340 [2002], *lv denied* 99 NY2d 533 [2002]).

The court's rulings on the scope of redirect examination were proper exercises of discretion. Defendant's remaining evidentiary claims are unpreserved and we decline to review them in the interest of justice.

In the interest of judicial economy, the trial court properly adjudicated the probation violation notwithstanding that another judge of the same court had imposed the sentence of probation. CPL 410.60 provides, in pertinent part, that a person who has been taken into custody for violation of probation "must forthwith be brought before the court that imposed the sentence." There is nothing in the statute to suggest that the term court is intended to mean a particular judge. Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.

Motion for summary reversal denied.