■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. CRUMP, JR., Appellant. [909 NYS2d 252]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered August 3, 2009. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and aggravated harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]) and aggravated harassment in the second degree (§ 240.30 [1] [a]). At trial, the People presented evidence establishing that a no offensive contact order of protection had been issued in favor of the victim, the mother of defendant's child, and that defendant had violated the order of protection by making threatening telephone calls to the victim. Defendant failed to preserve for our review his present challenge to the alleged legal insufficiency of the evidence inasmuch as his motion for a trial order of dismissal at the close of the People's proof did not raise the ground now raised on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Joseph*, 63 AD3d 1658 [2009]; *People v Taylor*, 19 AD3d 1100 [2005], *lv denied* 5 NY3d 810 [2005]), and his general motion for a trial

order of dismissal after he presented evidence is insufficient to preserve his present challenge for our review (*see Gray*, 86 NY2d at 19). Specifically, at the close of the People's proof, defendant contended that the evidence was legally insufficient to establish a "reasonable fear of physical injury, serious physical injury or death" on the part of the person for whose protection the order of protection was issued, a necessary element of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]). On appeal, however, defendant contends that the evidence is legally insufficient to establish a necessary element of aggravated harassment, the crime serving as the predicate offense for criminal contempt in the first degree.

In any event, we conclude that defendant's contention on appeal lacks merit. The evidence is legally sufficient to establish that defendant committed aggravated harassment in the second degree by telephoning the victim and stating in sum and substance that he was on his way to her house to "pound her head in" and making other threatening statements. Although defendant did not know exactly where the victim lived at the time, there is no requirement that his threats could have been carried out immediately (*see People v Prisinzano*, 170 Misc 2d 525, 534-535 [1996]; *cf. People v Yablov*, 183 Misc 2d 880 [2000]). Defendant had a history of violent conduct toward the victim and informed her that he was on his way to the town where she resided when he made the threats. Thus, the victim could reasonably have been fearful that defendant would track her down and carry out his threats.

Defendant also failed to preserve for our review his contention that County Court erred in allowing the People to present evidence of his prior acts of domestic violence against the victim (*see People v Woods*, 72 AD3d 1563 [2010]). In any event, that evidence was properly admitted because it was relevant to the issues whether the victim had reason to be in fear of defendant, and whether defendant intended to harass or annoy her, and its probative value exceeded its potential for prejudice (*see People v Wemette*, 285 AD2d 729, 731 [2001], *lv denied* 97 NY2d 689 [2001]; *see generally People v Molineux*, 168 NY 264, 293-294 [1901]). For the same reasons, we reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to the admission of the evidence of defendant's prior bad acts, inasmuch as there is no denial of effective assistance based on the failure to "make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]; *see People v Caban*, 5 NY3d 143, 152 [2005]). De-

spite the remaining alleged deficiencies on the part of defense counsel set forth by defendant, we conclude that defendant received meaningful representation, viewing the record in totality and as of the time of the representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, we have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, are lacking in merit. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.