# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1372**
**KA 11-01297**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHANE M. WOLFF, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 7, 2011. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and harassment in the second degree (§ 240.26 [1]), defendant contends that County Court erred in refusing to charge criminal contempt in the second degree (§ 215.50 [3]) as a lesser included offense of criminal contempt in the first degree. We reject that contention. "There is no reasonable view of the evidence that would support a finding that defendant 'committed the lesser offense but not the greater' " (*People v Sullivan*, 284 AD2d 917, 918, *lv denied* 96 NY2d 942, *reconsideration denied* 97 NY2d 658, quoting *People v Glover*, 57 NY2d 61, 63; *see People v Wilson*, 55 AD3d 1273, 1274, *lv denied* 11 NY3d 931).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by the prosecutor's alleged misconduct during cross-examination and on summation. Defendant either failed to object to the allegedly improper conduct (*see People v Kidd*, 265 AD2d 859, 859, *lv denied* 94 NY2d 824) or he "failed to explain the basis for his general objection[s]" (*People v Bratcher*, 291 AD2d 878, 879, *lv denied* 98 NY2d 673; *see People v Tonge*, 93 NY2d 838, 839-840; *People v Antonio*, 255 AD2d 449, 450, *lv denied* 93 NY2d 850). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that the court erred in allowing the People to present evidence of two of his prior acts of domestic violence against the victim. The evidence was properly admitted because it was relevant to provide background information concerning the context and history of defendant's relationship with the victim (*see People v Perez*, 67 AD3d 1324, 1325-1326, *lv denied* 13 NY3d 941), and it was relevant to the issue whether defendant intended to harass and annoy her (*see People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857). Furthermore, its probative value exceeded its potential for prejudice (*see id.; People v Kelly*, 71 AD3d 1520, 1521, *lv denied* 15 NY3d 775; *see generally People v Molineux*, 168 NY 264, 293-294).

Defendant next contends that the court erred in failing to discharge a sworn juror. To the extent that defendant's contention is preserved for our review (*see* CPL 470.05 [2]), it is without merit. On the record before us, it cannot be said that the court should have been "convinced" (*People v Buford*, 69 NY2d 290, 299), based upon the responses of the juror upon questioning by the court and both the prosecutor and defense counsel, that the juror's family circumstances rendered him "unavailable for continued service" or that he was "grossly unqualified to serve in the case" because of his passing familiarity with defendant (CPL 270.35 [1]; *see People v Telehany*, 302 AD2d 927, 928).

We agree with defendant, however, that the court erred in refusing to give an intoxication charge. "An intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, 'there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis' " (*People v Sirico*, 17 NY3d 744, 745, quoting *People v Perry*, 61 NY2d 849, 850; *see People v Gaines*, 83 NY3d 925, 927; *see also People v Tribunella*, 49 AD3d 1184, 1185). "A defendant may establish entitlement to such a charge 'if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent' " (*Sirico*, 17 NY3d at 745, quoting *People v Rodriguez*, 76 NY2d 918, 920). "Although a 'relatively low threshold' exists to demonstrate entitlement to an intoxication charge, bare assertions by a defendant concerning his intoxication, standing alone, are insufficient" (*id.* at 745).

Here, the victim testified that, several hours before defendant violated the order of protection by harassing her, she and defendant consumed heroin and marihuana and defendant consumed alcohol, and that she was still "high" when the incident occurred. Defendant testified that he and the victim had used heroin and marihuana on the night in question, and that he drank approximately four 12-ounce cans of beer. That evidence, viewed in the light most favorable to defendant, was sufficient to meet the relatively low threshold for entitlement to an intoxication charge (*see generally Sirico*, 17 NY3d at 745-746).

We also agree with defendant that the court erred in refusing to

give a voluntariness charge with respect to statements he made to the police.  The court denied defendant's request on the sole ground that it had ruled at a pretrial *Huntley* hearing that the statements were admissible at trial.  That was not a proper ground for denying defendant's request at trial for the voluntariness charge.  Indeed, CPL 710.70 (3) expressly provides that, even where a court denies a defendant's pretrial motion to suppress statements, that does not preclude the defendant "from attempting to establish at a trial that evidence introduced by the people of a [pretrial] statement made by him [or her] should be disregarded by the jury . . . on the ground that such statement was involuntarily made within the meaning of [CPL] section 60.45."  The statute further provides that, "[i]n the case of a jury trial, the court must submit [the issue of voluntariness] to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made" (*see People v Graham*, 55 NY2d 144, 147).  Although there may have been another ground upon which the court could have refused to give the voluntariness charge, our review is limited to the ground relied upon by the trial court (*see People v Concepcion*, 17 NY3d 192, 194-195; *People v LaFontaine*, 92 NY2d 470, 473-474, *rearg denied* 93 NY2d 849).

We further conclude, however, that the court's failure to charge the jury on intoxication and voluntariness is harmless error.  The proof of defendant's guilt is overwhelming, "and there is no significant probability that defendant would have been acquitted but for the error" (*People v Thomas*, 96 AD3d 1670, 1672, *lv denied* 19 NY3d 1002; *see People v Greene*, 186 AD2d 147, *lv denied* 81 NY2d 840; *cf. People v Ressler*, 302 AD2d 921; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Finally, given that defendant has a lengthy criminal record and engaged in prior instances of domestic violence, we perceive no basis to modify his sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court