# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

466

KA 11-01065

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

NOEL BARRIOS-RODRIGUEZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 25, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that the evidence is legally insufficient to establish that he intended to violate the no-contact order of protection that had been issued in favor of the victim, and that the verdict is against the weight of the evidence in that regard. We reject those contentions. Even assuming, arguendo, that the victim initiated the contact with defendant on the day in question, as defendant contends, we note that the People presented evidence establishing that defendant followed the victim outside the house in which he was located and, after speaking to her briefly, he then followed her to a nearby restaurant. The victim entered the restaurant, where she telephoned the police. Shortly thereafter, the police located defendant in a parking lot that was approximately a quarter of a mile from the restaurant. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant intentionally violated the order of protection (*see generally People v Bleakley*, 69 NY2d 490, 495). We further conclude that, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), and affording great deference to County Court's credibility determinations (*see People v White*, 43 AD3d 1407, 1408, *lv denied* 9 NY3d 1010), the verdict is not against the weight of the evidence (*see generally*

*Bleakley*, 69 NY2d at 495).

There is no merit to defendant's additional contention that the court erred in denying his motion to set aside the verdict pursuant to CPL 330.30. Even assuming, arguendo, that the victim's testimony at the persistent felony offender hearing constitutes newly discovered evidence as defendant suggests, we conclude that the testimony is not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]). Finally, given defendant's significant criminal history, which includes five prior felony convictions and multiple convictions based on his violation of court orders, we perceive no basis to modify his sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered: June 14, 2013                    Frances E. Cafarell
                                          Clerk of the Court