Judgment, Supreme Court, New York County (Rena K. Uviller, J., at dismissal motion; Bruce Allen, J., at jury trial and sentencing), rendered August 11, 2010, convicting defendant of perjury in the first degree, and sentencing him to five years’ probation, unanimously affirmed.
The court properly denied defendant’s pretrial motion to *557 dismiss the indictment on the ground that the New York Inspector General lacked the authority to conduct the investigation into the Waterfront Commission of New York Harbor, during which defendant made allegedly false sworn statements. The Inspector General was authorized to conduct such an investigation pursuant to Executive Law § 51, which gives the Inspector General jurisdiction over various government entities including “commissions”; the Waterfront Commission is not a public authority and thus did not fall under that statute’s exception to the Inspector General’s jurisdiction for “multi-state” “public authorities.” The Commission is a bistate commission, not a bistate authority. The terms authority and commission are not interchangeable, and the fact that the Commission is called a commission and not an authority is not merely a matter of nomenclature. A public authority, though created by the State, is “independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission” (Matter of Levy v City Commn. on Human Rights, 85 NY2d 740, 744 [1995]). In contrast, the Waterfront Commission, created by New York and New Jersey with congressional consent for the purpose of fighting criminal activity and promoting fair hiring practices on the waterfront, is a relatively conventional “part of the government of each of the states” (State v Murphy, 36 NJ 172, 186, 175 A2d 622, 629 [1961]). Since Executive Law § 51 conveyed the necessary jurisdiction, the executive order directing the Inspector General to investigate the Commission was also lawful (see Executive Law § 6).
Defendant did not preserve his contention that the entire prosecution was barred because he could not be prosecuted under New York law in the New York legal system for making a false statement regarding the employment practices of the Commission, since it was created by a compact between New York and New Jersey (see Matter of Malverty v Waterfront Commn. of N.Y. Harbor, 71 NY2d 977, 979 [1988]), and we decline to review it in the interest of justice. As an alternate holding, we reject it on the merits. “The Commission is not a separate level of government somewhere between the federal government and the contracting states,” but “is part of the government of each of the states,” and is not generally exempt from applicable state law, “except insofar as the states agreed expressly or by fair implication to place it beyond them” (Murphy, 36 NJ at 186, 175 A2d at 629, 630). Furthermore, this prosecution was not about New York attempting unilaterally to regulate the employment practices of the Commission. Instead, the gravamen of the charge was that, in New York County, defendant made false *558 sworn statements relating to cheating, or offering to help others to cheat, on employment examinations, a matter plainly under the normal jurisdiction of the District Attorney. Similarly, nothing about this prosecution and conviction was inconsistent with the Compact Clause (US Const, art 1, § 10).
To the extent that defendant also challenges the sufficiency of the evidence on the same grounds as contained in his pretrial motion to dismiss, that challenge is without merit for the reasons already stated. Defendant’s remaining legal sufficiency claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence satisfied the perjury corroboration requirement of Penal Law § 210.50. The testimony of the main witness, Taveras, was corroborated by a second witness, Brando, even though Taveras’s testimony was essentially direct evidence of the falsity of defendant’s sworn statements while Brando’s testimony was more in the nature of circumstantial evidence. Moreover, there was additional corroborating evidence in the form of recorded conversations and evidence of defendant’s consciousness of guilt. Defendant’s remaining arguments concerning the sufficiency and weight of the evidence are without merit.
The court provided a meaningful and correct response to a note from the deliberating jury (see People v Malloy, 55 NY2d 296, 301-302 [1982], cert denied 459 US 847 [1982]). The court properly instructed the jury that it could convict defendant if it found beyond a reasonable doubt that any of the four statements alleged under the count of which he was ultimately convicted met the definition of perjury. This did not change the theory set forth in the indictment, or the People’s bill of particulars, alleging that each of the four statements was false (see People v Charles, 61 NY2d 321, 327-328 [1984]; People v Frascone, 271 AD2d 333 [1st Dept 2000]). “Use of the conjunctive ‘and’ in the indictment did not obligate the People to prove more than what was required under the statutes” (People v Molloy, 58 AD3d 404, 404 [1st Dept 2009], lv denied 12 NY3d 856 [2009]). The People were entitled to argue to the jury that each statement was false, thereby implicitly arguing that at least one was false, and by doing so they did not assume the burden of proving that all were false. Furthermore, the court’s supplemental instruction did not contradict anything in its original charge. We have considered and rejected defendant’s remaining arguments concerning the court’s response. Defend *559 ant’s challenges to two evidentiary rulings by the trial court are unavailing. In each instance, defendant opened the door to the testimony at issue. Concur — Tom, J.P., Acosta, Saxe and Freedman, JJ.
Motion to strike brief denied.