# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1201

KA 11-02399

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

VAN T. CUNG, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered September 21, 2011. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [i]) and endangering the welfare of a child (§ 260.10 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon the same jury verdict of criminal contempt in the second degree (§ 215.50 [3]) as a lesser included offense of criminal contempt in the first degree (§ 215.51 [b] [ii]). In both appeals, defendant contends that the evidence is legally insufficient to support his conviction of the crimes of criminal contempt in the first and second degrees, and that the verdict with respect to those crimes is against the weight of the evidence. We affirm.

As defendant correctly concedes, his challenge to the legal sufficiency of the evidence is unpreserved for our review inasmuch as "his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal" (*People v Wright*, 107 AD3d 1398, 1401; *see People v Gray*, 86 NY2d 10, 19). In any event, we reject defendant's challenge.

With respect to appeal No. 1, defendant contends that the evidence is legally insufficient to establish that he knowingly and intentionally violated the June 2010 no-contact order of protection issued in favor of the victim (hereafter, first order of protection),

and that the verdict is against the weight of the evidence in that regard.  We reject those contentions.  It is undisputed that defendant was present in court and represented by an attorney when the first order of protection was issued, that he signed the order, and that he received a copy thereof.  Although defendant claimed that he did not fully understand the order of protection because he speaks only Chin, a Burmese dialect, the People introduced evidence that the order of protection was explained to defendant in Burmese, and that defendant understood that he had to stay away from, and could not contact, the victim.  A Burmese interpreter testified that, on the date the first order of protection was issued, he translated the order of protection from English to Burmese and explained it to defendant (*see People v Wilmore*, 305 AD2d 117, 118, *lv denied* 100 NY2d 589).  Further, a caseworker testified that, after the incident underlying defendant's conviction of criminal contempt in the first degree, defendant admitted to her that he knew there was an order of protection in place at the time of the incident and that he understood its meaning.  We thus conclude that "[t]he evidence is legally sufficient . . . to establish defendant's knowledge of the existence and contents of [the first] order of protection [and] the conduct prohibited thereby" (*People v Roman*, 13 AD3d 1115, 1115, *lv denied* 4 NY3d 802; *see Wilmore*, 305 AD2d at 118).

Contrary to the further contention of defendant in appeal No. 1, the evidence is legally sufficient to establish that he intentionally placed or attempted to place the victim in reasonable fear of physical injury (*see* Penal Law § 215.51 [b] [i]; *see also People v Harrison*, 270 AD2d 876, 876, *lv denied* 95 NY2d 797).  "It is well established that a defendant may be presumed to intend the natural and probable consequences of his [or her] actions" (*Roman*, 13 AD3d at 1116 [internal quotation marks omitted]), and that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682; *see People v Kelly*, 79 AD3d 1642, 1642, *lv denied* 16 NY3d 832).  Here, the People established that, after calling the victim 23 times, defendant knocked on the door to the victim's apartment and, when she did not answer, he entered the apartment through an upstairs door or window.  The victim called 911 and then fled through a window onto the roof of the porch with the parties' infant daughter strapped to her back because, according to the victim, she was afraid defendant would kill her.  Defendant then picked up a knife and, according to several police officers who responded to the scene, waved the knife at the victim and shouted at her through the window.  A neighbor testified that the victim was "crying" and "screaming" on the roof of the porch, and that she "sounded terrified."  We thus conclude that the evidence is legally sufficient to establish that defendant intentionally placed the victim in reasonable fear of physical injury (*see Harrison*, 270 AD2d at 876; *see also People v Crump*, 77 AD3d 1335, 1335-1336, *lv denied* 16 NY3d 857).  Indeed, defendant himself testified that the victim was afraid of him and that she was going to jump off the roof to get away from him.

With respect to appeal No. 2, we likewise conclude that the evidence is legally sufficient to establish that defendant

intentionally violated the order of protection (*see* Penal Law § 215.50 [3]; *Roman*, 13 AD3d at 1115).  Although defendant again contends that he did not fully understand the October 2010 order of protection issued in favor of the victim (hereafter, second order of protection), he concedes that the order "was served at a court proceeding at which [he] was assisted by counsel and an interpreter" (*People v Pichardo*, 298 AD2d 150, 151, *lv denied* 99 NY2d 562).  With respect to defendant's claim that he did not think that it was a violation of the second order of protection if the victim "accept[ed] [him]," the victim testified that she permitted defendant into her home in December 2010 only because he threatened her (*see generally People v Barrios-Rodriguez*, 107 AD3d 1533, 1534).

Because the evidence is legally sufficient to support the conviction of criminal contempt in the first and second degrees, there is no merit to defendant's further contention that defense counsel's failure to make a specific motion for a trial order of dismissal relative to those crimes constitutes ineffective assistance of counsel (*see People v Pytlak*, 99 AD3d 1242, 1243, *lv denied* 20 NY3d 988).  Further, viewing the evidence in light of the elements of criminal contempt in the first and second degrees as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence with respect to those crimes (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to the further contention of defendant in both appeals, we conclude that Supreme Court did not err in its *Molineux* ruling in allowing the People to introduce testimony regarding defendant's prior acts of domestic violence against the victim inasmuch as that testimony was "relevant to provide background information concerning the context and history of defendant's relationship with the victim" (*People v Wolff*, 103 AD3d 1264, 1265, *lv denied* 21 NY3d 948; *see People v Dennis*, 91 AD3d 1277, 1279, *lv denied* 19 NY3d 995), and was also relevant to the issue whether defendant intended to place or to attempt to place the victim in reasonable fear of physical injury (*see People v Garvin*, 37 AD3d 372, 372-373, *lv denied* 8 NY3d 984; *see also People v Thomas*, 85 AD3d 1572, 1572, *affd* 21 NY3d 226; *People v McCowan*, 45 AD3d 888, 890, *lv denied* 9 NY3d 1007).  Further, the probative value of such testimony exceeded its potential for prejudice (*see Wolff*, 103 AD3d at 1266; *Crump*, 77 AD3d at 1336; *Garvin*, 37 AD3d at 372-373), and the court's limiting instructions minimized any prejudicial impact (*see People v Rogers*, 103 AD3d 1150, 1152-1153, *lv denied* 21 NY3d 946).

The court likewise did not err in its *Molineux* ruling in allowing the victim to testify that defendant forced her to engage in sexual intercourse during the time period charged in the indictment in appeal No. 2.  That testimony was relevant to an element of the charged crime, i.e., whether defendant "intentionally place[d] or attempt[ed] to place [the victim] . . . in reasonable fear of physical injury . . . by . . . engaging in a course of conduct or repeatedly committing acts over [that] period of time" (Penal Law § 215.51 [b] [ii]; *see People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838).

Finally, the sentence is not unduly harsh or severe.

Entered:  December 27, 2013                          Frances E. Cafarell
                                                      Clerk of the Court