# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**166**

**KA 12-01629**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                    MEMORANDUM AND ORDER

ADAM M. WERTMAN, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (HEATHER M. DESTEFANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 28, 2012. The judgment convicted defendant, after a nonjury trial, of aggravated criminal contempt (five counts), criminal obstruction of breathing or blood circulation (three counts) and harassment in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, five counts of aggravated criminal contempt (Penal Law § 215.52 [3]) and three counts of criminal obstruction of breathing or blood circulation (§ 121.11 [a]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, defendant's challenge is without merit. "[T]he victim's testimony constituted 'competent evidence which, if accepted as true, would establish every element of [the] offense[s] charged' " (*People v Smith*, 41 AD3d 1093, 1094, *lv denied* 9 NY3d 1039, quoting CPL 70.10 [1]; *see People v Pettengill*, 36 AD3d 1070, 1071, *lv denied* 8 NY3d 948; *People v Liggins*, 2 AD3d 1325, 1326). Contrary to defendant's contention, it cannot be said that the victim's testimony was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925; *see People v Latorre*, 94 AD3d 1429, 1430, *lv denied* 19 NY3d 998, *reconsideration denied* 20 NY3d 987).

Viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although a

different verdict would not have been unreasonable (*see Danielson*, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, [County C]ourt . . . was justified in finding the defendant guilty beyond a reasonable doubt" (*id.*; *see People v Romero*, 7 NY3d 633, 642-643). " 'Great deference is to be accorded to the fact[]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d 805, 805-806, *lv denied* 98 NY2d 697), and we perceive no reason to disturb the court's credibility determinations.

Contrary to the further contention of defendant, we conclude that the court did not err in its *Molineux* ruling in allowing the People to introduce testimony concerning defendant's prior acts of domestic violence against the victim. That testimony was "relevant to provide background information concerning the context and history of defendant's relationship with the victim" (*People v Wolff*, 103 AD3d 1264, 1265, *lv denied* 21 NY3d 948; *see People v Meseck*, 52 AD3d 948, 950, *lv denied* 11 NY3d 739; *People v Nunez*, 51 AD3d 1398, 1399-1400, *lv denied* 11 NY3d 792), and it was also relevant to the issue of defendant's intent (*see People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857; *People v Williams*, 29 AD3d 1217, 1219, *lv denied* 7 NY3d 797). Further, the probative value of such testimony exceeded its potential for prejudice (*see Wolff*, 103 AD3d at 1266; *Crump*, 77 AD3d at 1336; *Nunez*, 51 AD3d at 1399-1400).

We reject defendant's further contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see People v Sandoval*, 34 NY2d 371, 374). Defendant's "intentional violation of prior court orders bore on his honesty, truthfulness and willingness to advance his own interests at the expense of society, all bearing on his testimonial credibility" (*People v Olson*, 110 AD3d 1373, 1375; *see People v Salsbery*, 78 AD3d 1624, 1626, *lv denied* 16 NY3d 836; *People v Foster*, 52 AD3d 957, 960-961, *lv denied* 11 NY3d 788), and "[t]he similarity between the prior convictions and the instant crimes does not by itself preclude cross-examination concerning those prior convictions" (*People v Hammond*, 84 AD3d 1726, 1726-1727, *lv denied* 17 NY3d 816; *see People v Hayes*, 97 NY2d 203, 208; *People v Paige*, 88 AD3d 912, 912, *lv denied* 18 NY3d 885). Although defendant contends that the record does not establish that the court properly balanced the probative value of his prior convictions against their potential for undue prejudice, "it is well settled that 'an exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning . . . , particularly where, as here, the basis of the court's decision may be inferred from the parties' arguments' " (*People v Mull*, 89 AD3d 1445, 1445, *lv denied* 19 NY3d 965, quoting *People v Walker*, 83 NY2d 455, 459).

Defendant further contends that the court abused its discretion in denying his late request to call a particular individual as an alibi witness. We note, however, that defendant waived that contention because, prior to jury selection, defense counsel advised

the court that he did not intend to call that individual as a witness and thus that the court "[did not] need to address any issues" with respect to such individual (*see generally People v Harris*, 97 AD3d 1111, 1112, *lv denied* 19 NY3d 1026; *People v Hamilton*, 96 AD3d 1518, 1519, *lv denied* 19 NY3d 997).

Finally, we reject defendant's challenge to the severity of the sentence. The court imposed the minimum term of incarceration allowed on defendant's conviction, as a second felony offender, of aggravated criminal contempt, and the terms of incarceration imposed on the remaining convictions were directed to run concurrently thereto.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court