THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH QUANTANO, Appellant. [992 NYS2d 409]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered October 27, 2011, convicting defendant, after a jury trial, of criminal contempt in the first degree, sentencing him, as a second felony offender, to a term of 1½ to 3 years, and imposing a final order of protection that remains in effect through October 26, 2022, unanimously affirmed.

The evidence was legally sufficient to prove defendant's guilt of first-degree criminal contempt. The evidence supports the inference (*see generally People v Getch*, 50 NY2d 456, 465 [1980]) that defendant intentionally violated a part of an order of protection that required him to "stay away from the person . . . on whose behalf the order was issued" (Penal Law § 215.51 [c]). A duly served order of protection directed defendant to stay away from his grandmother's person, home, school, business and place of employment. At the time of the incident that resulted in the present conviction, the police observed defendant in his grandmother's bedroom, and his grandmother was in a nearby room. Even if the grandmother was not home at the time defendant entered, defendant knew this was his grand-

mother's apartment, and the evidence supports the conclusion that he expected her to be home.

The nontestifying grandmother's statements to the police were properly admitted, not for their truth, but for the legitimate nonhearsay purpose of explaining police actions that would otherwise have made little sense to the jury (*see e.g. People v Rivera*, 96 NY2d 749 [2001]). Moreover, the court provided appropriate limiting instructions. Accordingly, there was no violation of the hearsay rule or the Confrontation Clause. In any event, any error in admitting this evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's challenges to the order of protection issued by the sentencing court in the present case are without merit. Contrary to defendant's argument, the order properly specified an expiration date. Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.