The People of the State of New York, Respondent,
against
Libi Herz-Oliva, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Felicia A. Mennin, J.), rendered May 2, 2016, after a jury trial, convicting her of resisting arrest, and imposing sentence.




Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered May 2, 2016, affirmed.
Defendant's present challenge to the legal sufficiency of the evidence supporting her conviction is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]), and we decline to review it in the interest of justice. As an alternative holding, the verdict convicting defendant of resisting arrest (see Penal Law § 205.30) was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence satisfied the "authorized arrest" element of resisting arrest (Penal Law § 205.30; see People v Sumter, 151 AD3d 556, 557 [2017]), since it established that the police had probable cause to arrest defendant at least for driving while impaired. The evidence established that after police observed defendant driving in an erratic manner, she admitted that she consumed alcohol, and she was unsteady on her feet, had watery eyes and smelled of alcohol (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]).
Defendant's argument that the jury, by acquitting her of driving while intoxicated (see Vehicle and Traffic Law § 1192[3]) and driving while impaired (see Vehicle and Traffic Law § 1192[1]), "apparently rejected" the testimony of the arresting officer regarding probable cause for the arrest, "calls for an impermissible invasion of the jury's deliberative processes" (People v Williams, 239 AD2d 271, 272 [1997], lv denied 90 NY2d 899 [1997], quoting People v Rivera, 201 AD2d 377 [1994], lv denied 83 NY2d 875 [1994]; see also People v Rayam, 94 NY2d 557, 562-563 [2000]). Probable cause to arrest does not require "proof beyond a reasonable doubt" as is required at trial (see People v Mercado, 68 NY2d 874, 877 [1986], cert denied 479 US 1095 [*2][1987]). Further, defendant could properly be convicted of resisting arrest even without being convicted of the underlying Vehicle and Traffic Law § 1192 charges (see People v Laltoo, 22 AD3d 230 [2005]).
Defendant's argument that the court violated her rights under the Confrontation Clause when it permitted the arresting officer to testify about a report made by two unidentified civilians that defendant's car had "hit a divider" on the Manhattan Bridge is unpreserved (see People v Kello, 96 NY2d 740, 744 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant's contentions are without merit. The court properly allowed the testimony for the nonhearsay purpose of providing "necessary background to explain the subsequent actions of the police," i.e., the reason the officer started watching and then followed defendant's car (People v Reed, 169 AD3d 573, 574 [2019], lv denied 33 NY3d 1107 [2019]). Similarly, defendant's claim that the court's limiting instruction was inadequate is unpreserved and we decline to review it in the interest of justice (see People v Garvin, 37 AD3d 372, 373 [2007], lv denied 8 NY3d 984 [2007]). In any event, the court gave an appropriate limiting instruction (see People v Quantano, 120 AD3d 1116 [2014], lv denied 24 NY3d 1087 [2014]).
The court providently exercised its discretion by precluding testimony from defendant's "half-brother" regarding the purported lack of damage to the car and a "dismantled" dash camera, since that proffered evidence would have invited jury speculation on collateral matters and had little, if any, probative value (see People v Mateo, 2 NY3d 383, 424-425 [2004], cert denied 542 US 946 [2004]); People v Frazier, 125 AD3d 551 [2015], lv denied 25 NY3d 1072 [2015]). Even assuming that the car was not damaged, such evidence would not have impeached the testifying officers and was not relevant to any issue at trial. Moreover, since defendant's half-brother had not seen the car for "a few days" prior to retrieving it at the precinct, the court properly determined that he would not have been able to testify with certainty whether the camera was operable or "whether it was even in the car at the time in question as opposed to two days before."
Defendant's claim that the trial court did not adequately instruct the jury on resisting arrest is unpreserved (see People v Melendez, 16 NY3d 869, 870 [2011]). As an alternative holding, the claim is without merit. The court's final jury instruction, which was consistent with the statute, relevant caselaw and the language set forth in the Model Instructions (see Penal Law § 205.30), properly informed the jury of the elements of resisting arrest and allowed them to "gather from its language the correct rules which should be applied" (People v Samuels, 99 NY2d 20, 25 [2002], quoting People v Ladd, 89 NY2d 893, 895 [1996]). The court stated, without objection, that "defendant is not charged with any traffic offense in this case" and that evidence about "bumping or hitting" dividers on the bridge was being offered solely for the limited purpose of explaining the "subsequent actions taken by the police."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: February 28, 2020